## DANIEL BITZER
## v.
## CLARK H. RICE.

1. SETTLEMENT—EVIDENCE.—Both parties agree that there was a final settlement of accounts between them, and the question disputed was as to the terms of settlement. This being the issue, testimony as to their prior dealings was admissible only so far as it might throw light upon the terms of settlement agreed upon.

2. ABANDONMENT—RECASTING ACCOUNT.—There being no evidence that the defendant had abandoned the settlement agreed upon, it was error to instruct the jury that if the defendant had refused to abide by the adjust-

41

ment, the plaintiff was at liberty to recast the whole account between him and defendant.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding. Opinion filed April 2, 1880.

Mr. C. F. NOETLING and Mr. R. A. HALBERT, for appellant.

Mr. JAMES M. DILL and Mr. W. C. KUEFFNER, for appellee; cited Bannister v. Reed, 1 Gilm. 92; Graham v. Holloway, 44 Ill. 385.

BAKER, P. J.   We do not feel satisfied with the verdict and judgment in this case. It was for appellee, plaintiff below, for $425. It is evident injustice has been done. There had been a long continued course of dealing between the parties, in which there had been no partnership, but involving besides various other matters, ventures in farming and in the dairy business, in which there had been abandonments of contracts; and it appears there had been a settlement of these old claims and counter claims.   Appellee testified they came to an understanding that defendant was to take everthing on the place as it stood, pay certain debts that he, plaintiff, owed, and that was to make them square; that he understood at that time they had an entire settlement, and neither owed the other anything. He further testified he had thereafter worked five months and a half for defendant as a dairyman, for $25 a month and board, and had supposed defendant owed him $137.50 for work since that time.   There is evidence to show defendant paid him $40.90 after this settlement.   The defendant agreed with plaintiff there had been a settlement, that plaintiff had abandoned his dairy business, etc., and turned the property over to him, and he had assumed and paid $478.95 of debts due from plaintiff.   He did not agree with him, however, as to what the terms of the settlement were.   According to his testimony there was a balance on settlement due him from plaintiff, and which plaintiff was to work out.   We do not understand there was an abandonment of the settlement by either party, but a conflict between them as to what were the terms of settlement.

The real issue made by the evidence was as to the terms of the settlement; and testimony as to their prior dealings was only admissible so far as it might throw light upon that issue and tend to determine which may the weight of evidence was.

The second instruction given for the plaintiff below was: "The court instructs the jury that if they believe from the evidence, that on or about the first day of September, 1874, the plaintiff and the defendant made an agreement by which all the accounts between them were squared and settled, and that afterwards the defendant, Bitzer, refused to abide by the settlement, then and in that event the plaintiff, Rice, is at liberty to cast the whole account between him and Bitzer, and is entitled to recover from Bitzer such sum, if any, not exceeding $500, as the jury may believe from the evidence is due to the plaintiff." We think this instruction should not have been given; it was not applicable to the facts of the case, and was calculated to mislead the jury.

The judgment is reversed, and the cause remanded for a new trial.

